U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 21 2010

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUSSAIN AMIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-623-A |
| | § | |
| IMMIGRATION AND NATURALIZATION SERVICE, | § | |
| | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
and
## ORDER

Now before the court is the motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) or alternative motion for summary judgment, filed in the above-captioned action by respondent, United States Citizenship and Immigration Services (USCIS),[1] as to all claims raised by petitioner, Hussain Amin. Petitioner filed no response to USCIS's motions. Having considered the motions, the record in this case and the applicable legal authorities, the court concludes that the motion to dismiss should be denied, and the motion for summary judgment should be granted.[2]

---

[1] The applicable regulations require a petition for review to be brought against the "Immigration and Naturalization Service" ("INS"). 8 C.F.R. § 336.9(b) (2009). In 2003, INS was abolished and replaced by the United States Citizenship and Immigration Services ("USCIS"). Accordingly, the court will refer to respondent by its current name, USCIS.

[2] Respondent argues that it is unnecessary for the court to convert the motion to dismiss into one for
(continued...)

I.

Factual Background

The facts in this case are not in dispute. Petitioner, a native and citizen of Iraq, became a permanent United States resident on April 28, 1998. At all times relevant to this action petitioner resided in Arlington, Texas. According to petitioner's Application for Naturalization form N-400 ("Application"), petitioner married Marzya Ibrahim Hassan, a naturalized United States citizen, on February 5, 1979.[3]

On or about February 19, 2004, petitioner was arrested and charged with assault causing bodily injury to a family member, and on September 9, 2004, pleaded guilty to such charge. The court assessed punishment at "365 days in jail, probated to 24 months, and fined $800." Respondent's App. at 15. On August 31, 2005, petitioner's probation was revoked and he was assessed one day in jail, credit for time served, and a fine of $800.

---

[2](...continued)
summary judgment, as the documents submitted in the appendix are raised in petitioner's complaint and are central to his claim, and the government has provided the documents in the appendix to assist petitioner in establishing the basis of his suit. The court concludes the better course of action is to consider the motion as one for summary judgment so there will be no question as to the propriety of the court considering the documents in the appendix. Regardless of the nature of the motion, however, the court concludes that the government is entitled to the relief it seeks.

[3]Petitioner's wife became a naturalized citizen on April 4, 2004. Respondent's App. at 7.

2

II.

Procedural History of the Case

On August 5, 2008, petitioner appeared for an examination on his Application. On December 11, 2008, USCIS Field Office Director Tracy Tarango ("Tarango") issued a letter informing petitioner that he was ineligible for naturalization. As the basis for the decision of ineligibility, the letter cited language from section 316 of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1427(a)(3), and from the applicable section of the Code of Federal Regulations, 8 C.F.R. § 316.10 (2009), prohibiting naturalization unless the applicant is found to be of "good moral character." Because of petitioner's arrest and conviction for assault causing bodily injury to a family member, it was determined that he did not meet the requirement of "good moral character," and his Application was denied. The letter from Tarango further informed petitioner of his right to request a hearing with the District Director of the USCIS.

Petitioner requested and received a hearing before the District Adjudications Officer of USCIS. In a June 30, 2009, letter informing petitioner of the outcome of the hearing, Tarango informed petitioner that "[d]uring this hearing, you did not produce evidence that would overcome the grounds for the

3

denial of your application for naturalization as set forth in the denial of your application," specifically, the conviction for assault in September 2004. Pet. at 3. The District Adjudications Officer thus upheld the original decision denying the application for naturalization. The June 30, 2009, letter informed petitioner of his right pursuant to the Act to challenge the decision in federal court. The applicable section of the Act provides that

> [a] person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5.

8 U.S.C. § 1421(c). On October 20, 2009, petitioner filed his petition for review.[4]

### III.

### Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby,</u>

---

[4]The petition was originally filed in the United States District Court for the Northern District of Texas, Dallas Division; however, the court in the Dallas Division to which the case was assigned subsequently transferred the case to the Fort Worth Division.

4

Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. Once the moving party has carried its burden under Rule 56(c), the party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Id.

IV.

Analysis

A.  Applicable Legal Principles

Section 316 of the Act governs and sets forth the requirements for naturalization. "No alien has the slightest right to naturalization" unless he or she strictly complies with all statutory requirements. United States v. Ginsberg, 243 U.S. 472, 475 (1917); Fedorenko v. United States, 449 U.S. 490, 506 (1981). The citizenship applicant bears the burden to show his or her eligibility and compliance with the statutory requirements. Berenyi v. Dist. Dir., INS, 385 U.S. 630, 637 (1967). Any doubts about the applicant's eligibility "should be resolved in favor of the United States and against the claimant." Id. (internal citations & quotation marks omitted).

5

The Act and its corresponding regulations require that no person shall be naturalized unless the person

> (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding . . . has been physically present therein for periods totaling at least half of that time . . . , (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character . . . .

8 U.S.C. § 1427(a); see also 8 C.F.R. § 316.10(a)(1). The burden is thus on the applicant for naturalization to establish both residency and good moral character. Inasmuch as residency is not at issue in this action, the court will focus solely on whether petitioner has made a showing of good moral character.

The statutory period for which the applicant must show good moral character begins five years prior to the date the applicant filed the application for naturalization and continues through the date the applicant takes the oath of citizenship. 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10(a)(1). The determination of good moral character, however, is not limited to the statutory five-year period. Rather, USCIS "may take into consideration, as a basis for its determination, the applicant's conduct and acts at

6

any time prior to" the five-year period. 8 C.F.R. § 316.10(a)(2). Whether an applicant exhibits the requisite good moral character is evaluated "on a case-by-case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence." Id.

The regulations provide general guidelines as well as specific examples of acts that demonstrate a lack of good moral character. For example, an applicant will be considered as lacking good moral character if he or she has been convicted of murder or an aggravated felony, or if he or she committed a crime involving moral turpitude, or engaged in other specified conduct. Id. at (b)(1)-(2). In a type of "catch-all" provision, the regulations also provide that, absent a showing by the applicant of extenuating circumstances,

> the applicant shall be found to lack good moral character if, during the statutory period, the applicant:
>
> * * *
>
> (iii) Committed unlawful acts that adversely reflect upon the applicant's moral character, or was convicted or imprisoned for such acts, although the acts do not fall within the purview of § 316.10(b)(1) or (2).

Id. at (b)(3). See, e.g., United States v. Jean-Baptiste, 395 F.3d 1190, 1193 (11th Cir. 2005) (recognizing 8 C.F.R. §

7

316.10(b) as a "catch all" provision); United States v. Mwalumba, --- F.Supp.2d ----, 2010 WL 343431 (N.D. Tex. Feb. 1, 2010) (8 C.F.R. § 316.10(b)(3)(iii) is a "catch-all" provision).

B.  Application of Law to Facts

The USCIS denied petitioner's Application on the grounds that he lacked good moral character due to his conviction for assault in September 2004. Although neither the statute nor the regulations define unlawful acts, other courts have interpreted the phrase to mean "bad acts that would rise to the level of criminality, regardless of whether a criminal prosecution was actually initiated." Meyersiek v. United States Citizenship & Immigration Servs., 445 F. Supp.2d 202, 205-06 (D.R.I. 2006); Etape v. Napolitano, 664 F. Supp.2d 498, 507 (D. Md. 2009); see also Jean-Baptiste, 395 F.3d at 1193-4 (applicant for naturalization committed "unlawful acts" where he committed a crime during statutory period, but was not convicted until after naturalization). The phrase has also been interpreted to indicate acts that are "against the law; illegal or against moral or ethical standards," using the common ordinary meaning of the words. See United States v. Lekarczyk, 354 F. Supp.2d 883, 887 (W.D. Wis. 2005) (internal citations and quotations omitted).

Under any of the above-cited definitions, petitioner has

8

without doubt committed an "unlawful act." Petitioner pleaded guilty to a charge of assault causing bodily injury to a family Member. Respondent's App. at 15, 17. Under section 22.01 of the Texas Penal Code, assault causing bodily injury of a family member is a Class A misdemeanor. Tex. Penal Code Ann. § 22.01(b) (Vernon Supp. 2009). See also Respondent's App. at 17 (Order Revoking Probation indicating petitioner convicted of a Class A misdemeanor). Petitioner's conviction for assault causing bodily injury to a family member is a crime, an act that was against the law. Thus, under any definition, a conviction for assault of a family member is an "unlawful act" that supports the denial of his Application. See, e.g., Calderon-Dominguez v. Mukasey, 261 F. App'x 671, 673 (5th Cir. Jan. 7, 2008) (affirming removal of alien based in part on conviction under Tex. Penal Code Ann. § 22.01(b)); Lekarczyk, 354 F. Supp.2d at 888 (applicant who committed crimes committed "unlawful acts" that supported finding that he lacked good moral character).

The regulations afford petitioner the opportunity to establish "extenuating circumstances" as to any finding that he lacks good moral character. 8 C.F.R. § 316.10(b)(3). Petitioner failed to respond to the government's motions and so failed to present any evidence of such extenuating circumstances or to

9

raise a genuine issue of material fact as to the USCIS finding that he lacked good moral character.

In the petition petitioner contends he must only demonstrate good moral character for three years if married to a United States citizen. While 8 U.S.C. § 1430(a) modifies some of the statutory time periods to three years for an applicant who has resided with a citizen spouse for three years, nothing in § 1430(a) limits the provisions of 8 C.F.R. § 316.10(a)(2), allowing the government to consider conduct outside the statutory period as a basis for determining good moral conduct. Thus, the three-year provision of 8 U.S.C. § 1430(a) affords petitioner no relief.

As all doubts concerning naturalization must be resolved in favor of the government, and as petitioner has failed to offer any evidence to controvert the grounds for denial of his Application, the court concludes that USCIS is entitled to summary judgment.

V.

Order

Therefore,

The court ORDERS that the motion of respondent, USCIS, for summary judgment be, and is hereby, granted, and that the

petition filed by petitioner, Hussain Amin, be, and is hereby, denied.

The court further ORDERS that USCIS's motion to dismiss be, and is hereby, denied as moot.

SIGNED May 21, 2010.

_____
JOHN McBRYDE
United States District Judge